1
2
3
4
5
6
7
8
9
10

**UNITED STATES FEDERAL DISTRICT COURT**

11

**WESTERN DISTRICT OF WASHINGTON**

12

13   DR. RANDALL J.
     STRANDQUIST, an individual,          **CASE NO.**

14
                              Plaintiff,   **COMPLAINT**
15              v.

16   WASHINGTON STATE               JURY DEMANDED
     DEPARTMENT OF HEALTH
17   AND HUMAN SERVICES, a
     Washington State Governmental
18   Agency, & WENDY LONG, an
     individual,
19

20                         Defendants.

21

22

23

24

COMPLAINT                         1

**PARTIES**

1.     Plaintiff Dr. Randall J. Strandquist is a resident of the State of Washington.

2.     Defendant Washington State Department of Health and Human Services (the "Department") is a governmental agency of the State of Washington.

3.     Defendant Wendy Long is a Deputy Director of the Department, and an employer, officer, vice principal and/or agent for purposes of Wash. Rev. Code § 49.52.070; upon information and belief she took the acts and omissions complained of herein to advance her career and/or for the benefit of her marital community.

**JURISDICTION AND VENUE**

4.     The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343. Venue is proper in this Court under 28 U.S.C. § 1391 where the Department is headquartered within this District and, independently, where a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.     Dr. Strandquist received a Right to Sue letter from the EEOC on September 15, 2022.

COMPLAINT                                  2

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

6. In compliance with Wash. Rev. Code § 4.92.100, Dr. Strandquist submitted a Tort Claim with the Washington State Office of Risk Management on or about November 18, 2022, tolling the limitations period from his Right to Sue letter pursuant to Wash. Rev. Code § 4.92.110; sixty days have passed since that submission.

**FACTS**

7. Dr. Strandquist was employed by the Department for seventeen years, most recently as Director of Psychology at Eastern State Hospital ("ESH"), until wrongfully terminated on or about October 21, 2021.

8. In August 2021, the Department unilaterally imposed a new condition of employment, vaccination against COVID-19.

9. The Department purported to allow exemptions based on sincerely held religious beliefs.

10. Dr. Strandquist completed and submitted a request for religious exemption on August 30, 2021.

11. On September 8, 2021, less than a week after his application, Plaintiff was notified by Defendant Long that the Department acknowledged that Plaintiff had a sincerely held religious belief which prevented him from receiving the COVID-19 vaccination.

COMPLAINT                                     3

12.     Despite that determination, the Department also notified him that it refused to provide any reasonable accommodation to Plaintiff.

13.     The Department offered only a Management Analyst 5 reassignment for which Dr. Strandquist was not even qualified, and which was 10 steps lower on the State employee pay scale than his Director position.

14.     The Department cannot articulate any undue hardship in providing a reasonable accommodation to Dr. Strandquist.

15.     Independently, the Department could not, and cannot, articulate a relative undue hardship in accommodating Dr. Strandquist, as balanced against the already critically low staffing levels at Eastern State Hospital.

16.     In an attempt to begin an interactive dialogue with the Department about his threatened termination, a dialogue which Defendants had failed to initiate, Dr. Strandquist sent a letter from his attorney, Heather Barden, to Defendant Long and Meredith Retlin, DSHS, on October 7, 2021.  Defendants ignored the letter and never responded or engaged in an interactive dialogue with Plaintiff regarding his threatened termination.

COMPLAINT                                4

17.  The letter specifically sought a discussion as to what burden the Department was claiming in refusing to accommodate Dr. Strandquist.

18.  The vaccines which the Department sought to compel Dr. Strandquist to take were experimental vaccines developed in 2020.

19.  These vaccines were developed quickly, primarily for the purpose of protecting those who were at highest risk of getting seriously ill from COVID-19, especially the elderly and those with multiple co-morbidities.

20.  Pfizer has admitted that its vaccine was not tested for efficacy at preventing transmission or infection.

21.  Without full disclosure to the public, including Dr. Strandquist, it was known, prior to October 18, 2021, that the vaccines did not stop the transmission of COVID-19. Attached as Exhibit A is a true and correct copy of an email between state and county health officials discussing breakthrough cases traced to a staff party from July 2021. Attached as Exhibit B is a true and correct copy of an email chain between state and county officials discussing the "concerning" trend of escalating rates of reinfection of vaccinated individuals in July 2021. Attached as Exhibit C is a true and correct copy of an email

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

from Jeff Duchin, Professor of Medicine at the University of Washington and Chief, Communicable Disease Epidemiology and Immunization Section, Public Health, Seattle and King County, regarding ability of vaccinated to both reinfect and spread to others.

22.   It is now universally admitted that the vaccinated can contract and transmit COVID-19.

23.   In Washington State, from July 17, 2021, to July 9, 2022, alone, there were 636,766 "breakthrough cases" of fully vaccinated individuals contracting COVID-19.

24.   Nevertheless, on August 9, 2021, Governor Inslee issued Proclamation 21-14 (with amendments Proclamation 21-14.1 and 21-14.2, the "Proclamation"), which purported to mandate COVID-19 vaccination for state workers.

25.   Proclamation 21-14.2 provided, however, that "State agencies . . . ***must*** provide any . . . sincerely held religious belief accommodations to the requirements of this Order that are required under . . . Title VII of the Civil Rights act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), and any other applicable law**."** (emphasis added).

COMPLAINT                                      6

26.     Proclamation 21-14.2 likewise required that state agencies ***must comply*** with the procedures required under the above-listed statutes and any other applicable laws when considering and deciding whether to provide accommodations."

27.     Under both Title VII and WLAD, any government-imposed restrictions to constitutional rights must be narrowly tailored to further a compelling government interest. *Roman Catholic Diocese of Brooklyn v. Cuomo,* 141 S. Ct. 63, 67 (2020).

28.     The Department continuously and zealously enforced the vaccine mandate of the Proclamation, despite a plethora of admissions by government officials and scientists that the experimental vaccines did not stop transmission or infection of the virus, so that the mandate did not further the goal of stopping the spread of COVID-19.

29.     The Department demanded its employees be vaccinated pursuant to the Proclamation, or be terminated.

30.     Many employees of the Department, including Plaintiff, questioned Defendants regarding the known fact that the vaccine did not stop transmission or infection, in an attempt to keep their job. Dr.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

Strandquist specifically addressed that problem in his letter to Defendant Long dated September 9, 2021.

31. As stated, by mid- 2021, several months before the Department forced Dr. Strandquist out, it had become clear that the experimental COVID-19 vaccines developed by Pfizer, Moderna and Johnson & Johnson did not prevent recipients from being infected with, or spreading, COVID-19.

32. Thus, unlike the polio or smallpox vaccines, the COVID-19 vaccines did not eliminate infection and could not end the pandemic.

33. Many studies confirmed the failure of the vaccine, including studies from the Centers for Disease Control ("CDC"), upon whom Defendants allegedly relied.

34. The only benefit of the COVID-19 vaccines, as even the government admits, is to protect an infected person from severe illness or death, and even that benefit is disputed, and clearly, if it exists, quickly wanes.

35. Defendants refused to acknowledge any information presented to them on this point by Plaintiff.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

36. Plaintiff, after he applied for a religious exemption, was ridiculed, harassed, ostracized and degraded, despite a long career as a respected professional.

37. Having not accepted vaccination, Plaintiff was terminated from his employment by Defendants on or about October 21, 2021.

38. Plaintiff did not receive an individualized assessment or interactive dialogue to discuss accommodation options prior to the decision to terminate.

39. The failure to provide an individualized assessment through an interactive dialogue violated the Proclamation itself, as well as long-established constitutional requirements, Title VII, and WLAD.

40. Defendants never identified why Dr. Strandquist could not simply keep using the same methods he had successfully utilized throughout the pandemic to avoid infection.

41. The speed at which Plaintiff's exemption request was processed confirms that Defendants could not possibly have complied with federal and state law requirements for a transparent, interactive, individualized process of considering possible accommodation.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

42. Plaintiff was told by Defendants that it allegedly conducted this required step simply by looking at his job description and surmising what his job entailed.

43. Plaintiff was denied a *Loudermill* hearing.

44. Defendants identified no undue hardship that prevented accommodation of Plaintiff.

45. Plaintiff was told by Defendant Long that he posed a "significant risk of harm" in his unvaccinated state such that "no accommodation could be identified to eliminate or reduce the risk of infection" to his vaccinated co-workers or the public with which he might come into contact.

46. Defendants refused to accommodate Plaintiff based on theoretical and speculative harm regarding that Plaintiff's *potential* for public exposure, regardless of whether there had been any such public exposure in the past, and regardless of the fact that such hypothetical *potential* exposure could be avoided through the use of personal protective equipment ("PPE").

47. Defendants were aware at the time of termination of Plaintiff's employment that the COVID-19 vaccines did not protect against infection and were therapeutic, at best.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

48.   Defendants were told directly by Plaintiff that numerous well-regarded published studies concluded that the vaccines did not prevent infection, a fact which Defendants chose to ignore.

49.   Defendants refused to consider allowing the use of PPE to accommodate Plaintiff, even though Plaintiff had already worked nearly 18 months successfully utilizing PPE to avoid infection or transmission of the disease.

50.   There were no COVID-19 infections which have been traced to Dr. Strandquist.

51.   Many other employees of the Department were also terminated at about the same time for refusing to accept vaccination with the experimental COVID-19 vaccines, without accommodation, individualized consideration, or *Loudermill* hearings.

52.   Defendants failed to consider the effect its blanket termination policy would have on the services it could offer, staffing shortages, overtime, etc.

53.   Defendants created an undue burden on itself, creating a staffing crisis that continues today.

54.   ESH specifically now faces a staffing crisis due to such terminations.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

55.    In March 2022, the CEO of ESH acknowledged a "staffing crisis," low morale, closure of entire wards, and record low number of employment applications.

56.    Defendants denied accommodations to employees who sought religious exemptions from the vaccination requirement at a significantly higher rate than to employees who sought medical exemptions.

57.    Defendants also approved religious accommodations at a much higher rate for headquarters as opposed to the outlying areas. Of 336 approved religious exemptions to eight outlying areas, not one accommodation was granted, suggesting a political component of granting accommodations.

58.    Defendants all operated under Governor Inslee's Executive Order 14-02, dated March 3, 2014, that encouraged telework and sought to increase the remote public service workforce to 40%.

## FIRST CAUSE OF ACTION
## VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION
## PERCEIVED PHYSICAL DISABILITY

59.    Plaintiff here realleges the allegations set forth above in this Complaint as if fully set forth herein.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

60.    The Washington Law Against Discrimination prohibits discrimination in the workplace for actual or perceived disability. Wash. Rev. Code § 49.60.180; *Taylor v. Burlington Northern Railroad Holdings*, 193 Wash.2d 611 (2019) (en banc).

61.    WLAD's definition of disability is broader than the definition in the ADA. *Pulcino v. Fed. Express Corp.*, 141 Wash.2d 629, 641 n.3 (2000).

62.    Under WLAD, a disability is defined as "a sensory, mental, or physical impairment that . . . (i) [i]s medically cognizable or diagnosable; or (ii) [e]xists as a record or history; or (iii) [i]s perceived to exist whether or not it exists in fact." Wash. Rev. Code § 49.60.040(7).

63.    Disability is also an impairment that "affects one or more of the … body systems." Wash. Rev. Code § 49.60.040.

64.    The legislature intended to adopt a broad and expansive definition of "disability" in order to protect against discrimination. *Taylor*, 193 Wash.2d at 618.

65.    The EEOC has interpreted these rules to include protection for an actual or perceived immunological condition.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

66.    Defendants perceived that Plaintiff has an impairment and/or disability that made him present a "significant risk of harm."

67.    Defendants discharged Plaintiff due to his perceived physical disability of not having what they wrongly considered the best physiological protection against COVID-19.

68.    Defendants did not explore any available reasonable alternatives for accommodating Plaintiffs to resolve the conflict, as required under WLAD. *Suarez v State*, 2022 WL 4351109 (Sept. 20, 2022).

69.    Defendants terminated Plaintiff due to his perceived physical disability.

70.    Defendants' actions proximately caused Plaintiff to suffer damages in an amount to be proven at trial, including at least lost wages and benefits.

## SECOND CAUSE OF ACTION
## DEPRIVATION OF PRIVACY, WA CONST. ART. I, SEC. 7

71.    Plaintiff here realleges the allegations set forth above in this Complaint as if fully set forth herein.

72.    No person shall be disturbed in his private affairs, or his home invaded, without authority of law. Wash. Const. art. I, § 7.

73.    This constitutional right to privacy includes the right to autonomous decision-making and autonomy over one's medical care and

COMPLAINT                                        14

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

includes the right to refuse treatment. *See, e.g., In re Welfare of Colyer,* 99 Wash.2d 114, 119-22, 660 P.2d 738 (1983); *see also* Wash. Rev. Code § 7.70.050.

74.   Bodily autonomy is a critical component of the constitutional right of privacy.

75.   The decision to suffer the battery of a vaccination is also a private affair which further impacts a citizen's bodily integrity.

76.   The Washington State privacy protections under Art. I, § 7, are greater than the U.S. Constitutional privacy rights under the Fourth Amendment, as Section 7 guarantees "an individual's right to privacy *with no express limitations." Robinson v. City of Seattle,* 102 Wash. App. 795 (2000) (emphasis added).

77.   Plaintiff has the right to make the private, autonomous decision whether to receive a COVID-19 vaccine and whether to disclose their personal medical history – including whether they have been vaccinated for COVID-19.

78.   Despite these rights, Defendants will continue to violate the privacy rights of every individual seeking employment with DSHS and ESH.

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

79. Despite these rights, Defendants will continue to refuse reemployment to Plaintiff in violation of his rights to autonomous decision-making.

80. Plaintiff has been deprived of his right to privacy by the actions of Defendants.

81. The right to privacy is protected under Wash. Const. art. I, § 7 as a fundamental right which can only be infringed upon by a law which satisfies a strict scrutiny analysis, that is, which furthers a compelling state interest and is narrowly tailored using the least restrictive means therefor.

82. Defendants cannot meet that test.

83. Defendants alleged interest was stopping the spread of COVID-19.

84. However, the vaccines do not stop infection or transmission, and the vaccinated and unvaccinated alike spread COVID-19.

85. The termination of religious objectors therefore did not further the alleged interest of Defendants. Defendants knew at the time they terminated Dr. Strandquist's employment that the vaccines were ineffective towards their supposed goal, but Defendants purposefully chose to continue with the wrongful termination of religious objectors such as Plaintiff.

COMPLAINT                                    16

86.   Even if the vaccine had been effective in that regard, Defendants failed to utilize a narrowly tailored method to control the spread of the virus, going directly to termination without considering readily available, less restrictive means towards the alleged objective.

87.   Defendants failed to utilize PPE, testing, telework, or natural immunity in stopping the spread of COVID-19.

88.   Defendants' actions fail strict scrutiny.

89.   Additionally, Plaintiff has been deprived of his right to privacy through the invasive questionnaire required by Defendants as part of his religious exemption request.

90.   Defendants' actions proximately caused Plaintiff to suffer damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**DEPRIVATION OF LIFE, LIBERTY, OR PROPERTY, WASH. CONST. ART. 1, SEC. 3.**

91.   Plaintiff here realleges the allegations set forth above in this Complaint as if fully set forth herein.

92.   No person shall be deprived of life, liberty, or property, without due process of law. Wash. Const. art. I, § 3.

93.   Plaintiff suffered loss of pension rights and benefits, both actual and future, as a direct result of the actions of Defendants.

COMPLAINT                                    17

94.   Public employees have a property interest in their pensions, which cannot be altered to the material disadvantage of the employee. *Eagan v. Spellman,* 90 Wash.2d 248 (1978).

95.   Public employees have a property interest in their employment, cannot be terminated without "just cause," and cannot be terminated without due process, which includes and requires a right to a hearing. *Board of Regents v. Roth*, 408 U.S. at 564 (1972); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 (1985).

96.   Defendants' actions caused Plaintiff to suffer damages to be proven at trial, such actions being the actual and proximate cause of those damages.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE WA CONST. ART. I, SEC. 3

97.   Wash. Const. art. I, § 3, states that no person shall be deprived of life, liberty, or property without due process of law.

98.   If a law neither burdens a fundamental right nor targets a suspect class, it will be upheld so long as it bears a rational relation to some legitimate end. *Romer v. Evans,* 517 U.S. 620, 631 (1996); *Nielsen v. Washington State Dept. of Licensing,* 177 Wash. App.45 (2013).

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

99.     There was no rational relation to some legitimate government end because the action taken – termination of the unvaccinated – did not further the interest of reducing the spread of COVID-19 given that the vaccinated and the unvaccinated both contract and transmit COVID-19.

100.    In fact, people who are vaccinated for COVID-19 are more likely to become infected with and spread COVID-19 than are people who have recovered from COVID-19 and have natural immunity.

101.    Defendants have treated different classes of people unequally, with the protected class of religious objectors not coincidentally adversely impacted by the actions of Defendants.

102.    The actions of Defendants, on its face and as applied, was not rationally related to a legitimate end.

103.    The actions of Defendants have caused, are causing, and will continue to cause irreparable harm and actual and undue hardship to Plaintiff.

104.    Defendants' actions caused Plaintiff to suffer damages to be proven at trial, such actions being the actual and proximate cause of those damages.

## FIFTH CAUSE OF ACTION

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

## DEPRIVATION OF RELIGIOUS FREEDOM,
## WA CONST. ART. I, SEC. 11.

105.  Plaintiff here realleges the allegations set forth above in this Complaint as if fully set forth herein.

106.  Defendants' vaccination mandate and the requirement for the religious exemption questionnaire are contrary to and transgress Wash. Const. art I, § 11, which states, "Absolute freedom of conscience in all matters of religious sentiment, belief and worship, shall be guaranteed to every individual, and no one shall be molested or disturbed in person or property on account of religion . . . No religious qualification shall be required for any public office or employment."

107.  Plaintiff's absolute right to religious freedom has been infringed.

108.  Defendants' vaccination mandate, in conjunction with its religious exemption questionnaire, by design, intent, and by consequences, result in both a religious qualification being required for public office or employment, and transgress the Washington State Constitutions guarantee of absolute freedom of conscious in all matters of religious sentiment, belief and worship, and result in an unauthorized molestation or disturbance of the Plaintiffs' person.

COMPLAINT                          20

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

109.  Defendants were aware at the time of termination that Plaintiff and other religious objectors to the vaccination mandate were being treated differently than similarly situated secular objectors.

110.  Defendants' actions proximately caused Plaintiff to suffer damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
## WAGE THEFT

111.  Plaintiff here realleges the allegations set forth above in this Complaint.

112.  Defendants have, willfully and with the intent to deprive, failed to pay wages to the Plaintiff since the date of his wrongful termination.

113.  Defendants have authority and control over the employment status and payment of wages to Plaintiff.

114.  Plaintiff has not knowingly submitted to the deprivation of wages.

115.  Defendants' actions caused Plaintiff to suffer damages by the deprivation of wages and other benefits, including pensions.

116.  Defendants' actions proximately caused damages to Plaintiff in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT

COMPLAINT                                21

117. Plaintiff here realleges the allegations set forth above in this Complaint.

118. The Proclamation requires compliance with applicable collective bargaining agreements and is thus subordinated to them.

119. The provisions of Washington law regarding collective bargaining agreements, in case of conflict, control and are superior to "any other statute, ordinance, rule, or regulation of any public employer." Wash. Rev. Code § 41.56.905.

120. There existed a binding contract between the Plaintiff and the Department that permitted termination only for cause.

121. Plaintiff substantially performed his obligations under this contract.

122. Defendants breached its contract with Plaintiff by terminating him without just cause.

123. Defendants' wrongful termination of Plaintiff was based on a new condition of employment that was not part of Plaintiffs' contract when hired.

124. Defendants' actions violated Plaintiff's right to continued employment by terminating them without "just cause" and by unilaterally imposing a new condition to employment – vaccination – without consideration.

COMPLAINT

22

125. Defendants' action also violated Plaintiff's pension rights, likewise established by contract, despite Plaintiff having fully performed their obligations under this contract.

126. Defendants' actions caused a substantial change to the pension rights of Plaintiff under Wash. Rev. Code 41.06.

127. Plaintiff has been damaged by this breach of contract in that he has suffered extraordinary financial loss as a result of the substantial change in his pension rights.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE WASHINGTON
## LAW AGAINST DISCRIMINATION
## FAILURE TO ACCOMMODATE

128. Plaintiff here realleges the allegations set forth above in this Complaint.

129. Plaintiff was found to have a sincerely held religious beliefs and was granted an exemption.

130. Plaintiff made continued requests for accommodations but was shut down without discussion.

131. Defendants refused to offer any of the accommodations proposed by Plaintiff, including masking, working remotely as his predecessor had done, and following the same accommodations that kept him and his patients safe during the pandemic.

COMPLAINT                                    23

132. Defendants offered only reassignment to a job for which Dr. Strandquist was not qualified, with a considerable cut in salary.

133. The result was that Plaintiff was forced to disregard his sincerely held religious beliefs, or a significant decrease his well-earned position, seniority, and pension.

134. Strict scrutiny applies to governmental action which impairs fundamental rights.

135. Plaintiff has been damaged by being forced to elect between his livelihood and his sincerely held religious beliefs.

### NINTH CAUSE OF ACTION
### VIOLATION OF THE WASHINGTON
### LAW AGAINST DISCRIMINATION
### DISPARATE IMPACT

136. Plaintiff here realleges the allegations set forth above in this Complaint.

137. Even to the extent that Defendants' policy is facially neutral, it falls more harshly upon those within a protected class, namely, adherents to the Christian faith.  Defendant determined Plaintiff's faith is a sincerely-held belief and acknowledged his religious exemption from the vaccine.

138. Plaintiff has been damaged by the disparate impact of the Defendants' policy.

COMPLAINT                                    24

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

## TENTH CAUSE OF ACTION
## RIGHT TO BE FREE FROM ARBITRARY AND CAPRICIOUS ACTION

139. Plaintiff here realleges the allegations set forth above in this Complaint as if fully set forth herein.

140. Plaintiff has a right to be free from arbitrary and capricious administrative action. *Pierce County Sheriff v. Civil Service Comm'n of Pierce County*, 98 Wash.2d 690 (1983).

141. The Defendant knew the vaccines did not stop COVID-19 transmission.

142. Defendant's actions were arbitrary and capricious because it improperly rejected all reasonable alternatives to vaccination. *See State of Missouri et al. v. Biden, et al.,* 571 F. Supp. 3d 1079, 1095 (E.D. Mo. 2021), *vacated and remanded on other grounds*, 2022 WL 1093036 (8th Cir. Apr. 11, 2022).

143. Defendant rejected natural immunity, testing, masking, and social distancing without any evidence that such measures would not be equally effective at stopping transmission—if not more effective—than the failed vaccines.

144. The Defendant's actions failed to "ensure there exists a rational connection between the facts found and the choice made." *Missouri,*

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

571 F. Supp. 3d. at 1093 (quoting *Motor Vehicle Mfrs. Assn. of U.S., Inc. v. State Farm Mut. Auto Ins. Co.,* 436 U.S. 29, 43 (1983)).

145. Defendant's "path of analysis appears misguided and the inferences it produced are questionable." *Missouri,* 571 F. Supp. 3d at 1093 (quoting *State Farm,* 436 U.S. at 43).

146. The Defendant's conclusions that vaccination is a more effective infection control measure is inconsistent with its admission that the vaccine does not stop transmissibility of COVID by the vaccinated. *See State Farm,* 463 U.S. at 43 (finding agency action arbitrary and capricious if the agency explained its decision in a way that runs counter to evidence before the agency).

147. Defendant's actions were further arbitrary and capricious in that it terminated healthy objectors in favor of the vaccinated, and then instituted a policy whereby Defendant relaxed the standards for the vaccinated to return to work, even when still symptomatic with COVID-19 symptoms.

148. Defendant's actions proximately caused Plaintiff to suffer damages, which Plaintiff is entitled to recover, in an amount to be proven at trial, including at least lost wages and benefits.

**PRAYER FOR RELIEF**

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221

WHEREFORE, Plaintiff prays for the following relief against the Defendants:

1.    Judgment against Defendants on all claims.

2.    Double damages for lost wages pursuant to Wash. Rev. Code § 49.52.070.

3.    Attorney fees as authorized by State and Federal statute.

4.    Such other and further relief that is just and equitable.

DATED:  January 27, 2023.

**ARNOLD  &  JACOBOWITZ  PLLC**

*/s/ Nathan J. Arnold*
Nathan J. Arnold
WSBA No. 45356
8201 164th Ave. NE, Ste. 200
Redmond, WA 98052
(206) 799-4221
Nathan@CAJlawyers.com
*Counsel for Plaintiff*

ARNOLD & JACOBOWITZ PLLC
8201 164TH AVE NE, STE. 200
REDMOND, WA 98052
(206) 799-4221