UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL J STRANDQUIST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT<br><br>OF SOCIAL AND HEALTH SERVICES;<br><br>WENDY LONG,<br><br>　　　　Defendant. | Case No. 3:23-cv-05071-TMC<br><br>ORDER ON MOTIONS IN LIMINE |

Before the Court are Plaintiff Strandquist's and Defendants' motions in limine (Dkt. 76, 78). The Court has considered the parties' briefs and determined that oral argument is unnecessary. The motions are ripe for the Court's consideration.

**I.    BACKGROUND**

Strandquist brings this action under Title VII and the Washington Law Against Discrimination (WLAD) asserting that Defendants failed to reasonably accommodate his sincerely held religious beliefs. The Court dismissed Strandquist's other claims in its order on Defendants' motion for summary judgment. Dkt 92. Both parties filed their motions in limine on

October 15, 2024. Dkt. 76, 78. Both parties responded to the other's motions. Dkt. 84, 88. The Court addresses each motion in turn.

A.    **Legal Standard**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

"To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023).

In ruling on motions in limine, courts do not "resolve factual disputes or weigh evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020). The inquiry is discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

B.    **Strandquist's Motions in Limine**

    *1.    Motion in Limine 1: Exclude witnesses not timely disclosed in discovery.*

Despite the erroneous title of this motion in limine, Strandquist asks the Court to allow Cedar O'Donnell to testify as a substitute for Dr. Grant. Dkt. 78 at 2–3. For the same reasons explained in the Court's order striking Dr. O'Donnell's declaration at the summary judgment stage, *see* Dkt. 92 at 8–11, the Court will not allow Dr. O'Donnell to testify. Strandquist has not persuasively explained why the failure to disclose Dr. O'Donnell before the dispositive motion deadline was substantially justified or harmless under Federal Rule of Civil Procedure 37. Additionally, Strandquist's motion misrepresents the requirements of Federal Rule of Civil Procedure 45(c), and he has not established that Dr. Grant is beyond the subpoena power of the

Court and is truly unavailable. Nor has Strandquist shown that the anticipated testimony of Dr. O'Donnell is a true substitute for that of Dr. Grant. Any question of whether Dr. O'Donnell may be called as an impeachment witness must be deferred until the time of trial. This motion is DENIED.

2. *Motion in Limine 2: Exclude responsive evidence not produced in discovery.*

Strandquist moves to exclude any document he has requested but Defendants have not produced in discovery. Dkt. 78 at 4. Defendants argue that this motion is overbroad because Strandquist fails to identify any specific document he is seeking to exclude. Dkt. 84 at 5. The Court agrees this motion is too broad for a pretrial ruling. The Court will address any objection that a particular trial exhibit was not disclosed in discovery at the time of trial. This motion is DENIED.

3. *Motion in Limine 3: Allow Dr. Harvey Risch and Lisa Brock to testify and exclude any expert witness Defendants may call.*

The Court has already ruled on Defendants' motion to exclude the testimony of Dr. Harvey Risch and Lisa Brock. Dkt. 86. Dr. Risch will be allowed to testify only to the extent set forth in that order. Defendants have represented they do not intend to call any expert witnesses. This motion is GRANTED IN PART and DENIED IN PART.

4. *Motion in Limine 4: Any out-of-court statements made by DSHS regarding subject matter within the employee's scope of employment should not be deemed hearsay if offered or elicited by Strandquist.*

This motion does not identify any anticipated testimony or specific trial exhibits on which Strandquist seeks a ruling and instead essentially asks the Court to apply the Federal Rules of Evidence. This is not a proper use of motions in limine. The Court will rule on hearsay objections to specific testimony or exhibits as they arise at trial. This motion is DENIED.

> 5. *Motion in Limine 5: Any out-of-court statements made by DSHS regarding subject matter within the employee's scope of employment should be deemed hearsay if offered or elicited by Defendants unless it qualifies as a hearsay exception.*

This motion does not identify any anticipated testimony or specific trial exhibits on which Strandquist seeks a ruling and instead essentially asks the Court to apply the Federal Rules of Evidence. This is not a proper use of motions in limine. The Court will rule on hearsay objections to specific testimony or exhibits as they arise at trial. This motion is DENIED.

> 6. *Motion in Limine 6: Exclude arguments disputing whether Strandquist held a sincere religious belief that conflicted with his ability to receive the COVID-19 vaccine.*

Strandquist seeks to exclude arguments challenging whether he had a sincerely held religious belief that prevented him from being vaccinated. Dkt. 78 at 5. Defendants argue that Strandquist is attempting to circumvent his burden of proof on the failure-to-accommodate claim. Dkt. 84 at 7.

This motion is a partial summary judgment motion disguised as a motion in limine. Strandquist could have filed a motion seeking partial summary judgment on the sincere belief element of his claims. Instead, he inexplicably filed a partial summary judgment motion on claims he did not plead in his complaint. This Court strictly enforces the dispositive motion deadline and will not entertain untimely dispositive motions at the motion in limine stage. This motion is DENIED.

> 7. *Motion in Limine 7: Allow Cedar O'Donnell and Christina Zampich to testify.*

For the same reasons explained in the Court's order striking Zampich and Dr. O'Donnell's declarations at the summary judgment stage, *see* Dkt. 92 at 8–11, and as explained above in ruling on Strandquist's first motion in limine, the Court will not allow Dr. O'Donnell or Zampich to testify. Any question of whether Dr. O'Donnell or Zampich may

be called as an impeachment witness must be deferred until the time of trial. This motion is DENIED.

**C.    Defendants' Motions in Limine**

   1.    *Motion in Limine 1: Exclude Strandquist's expert Lisa Brock*

The Court has already ruled on Lisa Brock's testimony in its separate order on Defendants' motion to exclude. Dkt. 86.

   2.    *Motion in Limine 2: Exclude Strandquist's expert Dr. Harvey Risch*

The Court has already ruled on Dr. Risch's testimony, and he will be allowed to testify only as set forth in the separate order on Defendants' motion to exclude. Dkt. 86.

   3.    *Motion in Limine 3: Exclude Strandquist's witness Christina Zampich*

For the reasons previously explained above and in the Court's order on the summary judgment motions, this motion is GRANTED.

   4.    *Motion in Limine 4: Exclude Strandquist's witness Cedar O'Donnell*

For the reasons previously explained above and in the Court's order on the summary judgment motions, this motion is GRANTED.

## II.    CONCLUSION

IT IS SO ORDERED.

Dated this 1st day of November, 2024.

Tiffany M. Cartwright
United States District Judge