UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL J STRANDQUIST,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT<br><br>OF SOCIAL AND HEALTH SERVICES;<br><br>WENDY LONG,<br><br>　　　　　Defendant. | Case No. 3:23-cv-05071-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.　ORDER

Before the Court is Defendants' motion for reconsideration (Dkt. 99) of the Court's orders granting in part and denying in part Defendants' motion for summary judgment and motion to exclude Plaintiff's expert witnesses (Dkt. 86, 92). The Court has reviewed the motion (Dkt. 99), the response filed by Plaintiff Randall J. Strandquist at the Court's request (Dkt. 108), and the Defendants' reply (Dkt. 110).

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error

ORDER DENYING MOTION FOR RECONSIDERATION - 1

in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1).

Defendants' motion does not meet the standard for reconsideration. First, Defendants raise arguments for the first time that they could have reasonably raised earlier in the litigation. *See Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[A motion for reconsideration] may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Defendants argue that the Court did not properly apply the undue burden standard regarding individualized assessments and costs. Dkt. 99 at 2. Defendants specifically assert that "the Court did not adequately consider Defendants' unrebutted evidence of the significant costs DSHS would incur if it were unable to quell the spread of COVID beyond the masking and testing precautions that had already proven unsuccessful." *Id.* at 3–4. As evidence, Defendants point to Dr. Kinlen's Supplemental Declaration:

> The Department's main focus at the time was stopping the spread of COVID through the wards at Eastern and any other carceral setting while also keeping staff safe. The COVID infection rate at the hospitals skyrocketed in July of 2021 with the evolution of the Delta variant. This resulted in us having to resume stopping movement between wards and limiting or pausing admissions to quell the transmission to other patients and staff. Hospitals could not move patients between wards that were affected by infection. There were also periods where we could not admit individuals from carceral settings. Per the Federal injunction, the Department has seven days to complete the admission process for an individual court ordered to be admitted to Eastern, and the periods where we could not timely admit individuals to Eastern (or any other inpatient facility) lead to fines levied against the Department.

*Id.* at 4. Defendants, however, did not make this hardship argument in their motion for summary judgment nor was this evidence properly presented to the Court as it was filed only in response to Strandquist's motion for partial summary judgment. *See* Dkt. 46 at 2. Defendants have not explained why this argument was not raised in their affirmative summary judgment

ORDER DENYING MOTION FOR RECONSIDERATION - 2

motion, and the Court will not entertain new arguments in a motion for reconsideration. *See Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010) ("Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple.").

Second, Defendants fail to show that the Court's ruling on undue hardship is based on manifest error. *See* Dkt. 99 at 2–7. Defendants are incorrect in their assertion that the ruling created a new standard for undue hardship or that employers must assess scientific evidence to show undue hardship as a matter of law. *See id.* at 4–5. The Court's summary judgment order recognized that "the spread of COVID-19 created valid health and safety concerns that can constitute an undue hardship." Dkt. 92 at 22. The Court then provided examples of different ways employers have proven undue hardship as a matter of law depending on the factual circumstances of the case. *See id.* at 24–25. Contrary to Defendants' claim that the Court requires statistical evidence, the Court cited *Williams v. Legacy Health* as one example among others[1] to

---

[1] Defendants filed supplementary authority, *Efimoff v. Port of Seattle*, to show that "[f]ederal courts have found that 'masking, periodic testing, and social distancing' requested by the unvaccinated employees as an accommodation is an undue hardship[.]" No. 2:23-CV-01307-BAT, 2024 WL 4765161, at *9 (W.D. Wash. Nov. 13, 2024); Dkt. 101. In *Efimoff*, the district court granted the Port of Seattle summary judgment on its undue hardship defense because "[t]he Port's conclusions are supported by the expert testimony of Dr. John Lynch . . . a board-certified physician in infectious disease." *Id.* at *10. Dr. John Lynch provided many of the same types of evidence that this Court described in its summary judgment order would show that the employer engaged in a fact-specific inquiry on undue hardship. *See* Dkt. 92 at 24–25. "Dr. Lynch testified that: (1) requiring COVID-19 vaccination was the best means by which the Port could slow the spread of COVID-19 and prevent serious illness or death and that no other public health strategy could effectively meet the Port's goals of maintaining critical governmental services and operations while protecting the health, safety, and well-being of Port of Seattle employees and the public at large; (2) mitigation techniques such as masking, testing, and social distancing are inferior to vaccination and even with such safety measures in place, an unvaccinated person posed materially higher risks of contracting COVID-19, transmitting COVID-19 to others, and developing severe disease, compared to a vaccinated person; (3) based on the information and evidence available in fall 2021, it was reasonable for the Port to conclude that an unvaccinated individual in an airport and at security access points posed a risk of transmitting COVID-19 to

ORDER DENYING MOTION FOR RECONSIDERATION - 3

show how an employer can prove that accommodating employees refusing vaccination would generate substantial costs or safety risks. *See id.* It is possible that Defendants could have presented sufficient evidence to prevail on their undue burden defense as a matter of law, and they may yet prevail at trial—they simply failed to do so on the record they presented at summary judgment.

Furthermore, the Court's summary judgment order did not adopt Strandquist's arguments about the scientific soundness of the vaccine mandate or Dr. Risch's reasoning underlying his testimony. The Court's ruling only recognized that Dr. Risch's opinions addressing breakthrough infections raises a genuine factual dispute about undue hardship imposed on Defendants. *Id.* at 25. While Defendants had the opportunity to do so, they did not challenge the reliability of Dr. Risch's opinions, and the arguments raised in their motion for reconsideration could have been made in their *Daubert* motion. *See* Dkt. 86 at 7; Dkt. 36. To prevail on an affirmative defense as a matter of law, Defendants needed to show that "permitting Strandquist to work using PPE and testing would not have adequately mitigated safety risks at Eastern," and no reasonably jury could find otherwise. Dkt. 92 at 23. Since Defendants failed to meet their high burden under Rule 56, the case will proceed to a jury.

Considering the arguments presented in Defendants' motion for reconsideration, there is no manifest error in the Court's summary judgment or *Daubert* orders. The motion for reconsideration (Dkt. 99) is thus DENIED.

---

others in the facility; and (4) given Plaintiff's job duties, the Port would have significantly increased the risk that Plaintiff would infect Port workers and/or members of the public with COVID-19 or contract COVID-19 herself if it had allowed her to work unvaccinated." *Efimoff*, 2024 WL 4765161, at *10 (cleaned up).

ORDER DENYING MOTION FOR RECONSIDERATION - 4

Dated this 4th day of December, 2024.

*(signature)*

Tiffany M. Cartwright
United States District Judge