UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL J STRANDQUIST,

        Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; WENDY LONG,

        Defendant.

Case No. 3:23-cv-05071-TMC

ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM DEADLINES

## I. ORDER

Before the Court is Defendants' motion for relief from deadlines related to expert witness disclosure and dispositive motions. Dkt. 141. Having filed this motion less than three weeks before trial,[1] *see* Dkt. 130, Defendants now seek to (1) extend the expert witness disclosure deadline to allow Defendants to identify a rebuttal expert and provide a report; (2) extend the dispositive motions deadline to permit the parties to provide new briefing to the Court on undue

---

[1] The Court recently granted Defendants' request for a short trial continuance, providing the parties with four additional weeks to prepare for trial. *See* Dkt. 130.

ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM DEADLINES - 1

hardship using the expert reports; and (3) continue the trial date to accommodate the requested expert discovery and follow-up motions practice. Dkt. 141 at 11.

Federal Rule of Civil Procedure 6(b)(1) provides:

> **(1) In General.** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). To evaluate whether a party's failure to meet a deadline constitutes excusable neglect, courts apply a four-part test and examine: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (collecting cases).

Defendants do not address the correct legal standard. They instead assert that Rule 16(b) governs and argue that the factors weigh in favor of finding good cause to amend the scheduling order. Dkt. 141 at 8–11. The purpose of Rule 16 is to facilitate efficient and thorough case management in the early stages of litigation. Fed. R. Civ. P. 16. But when parties move for relief from a deadline that has passed, as Defendants do here, they must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Defendants have not done so.

Additionally, when seeking to make late disclosures of expert witnesses, the requesting party must show that their failure to timely disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants do not address this standard. Instead, Defendants spend the bulk of their motion rehashing arguments for their undue hardship defense, which the Court has already rejected in its orders denying summary judgment and denying the Defendants' motion

ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM DEADLINES - 2

for reconsideration. *See* Dkt. 141 at 2–8. Having failed to address the appropriate legal standards, Defendants do not show that relief from any of the deadlines is warranted. The motion for relief from deadlines (Dkt. 141) is thus DENIED.

Dated this 22nd day of January, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM DEADLINES - 3