UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL J STRANDQUIST,<br><br>           Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF SOCIAL AND HEALTH SERVICES;<br>WENDY LONG,<br><br>           Defendant. | Case No. 3:23-cv-05071-TMC<br><br>ORDER ON SUPPLEMENTAL MOTIONS<br>IN LIMINE |

Before the Court are Defendants' supplemental motions in limine (Dkt. 138). The Court has considered the parties' briefs and the motion is ripe for the Court's consideration.

## I.    BACKGROUND

Strandquist brings this action under Title VII and the Washington Law Against Discrimination (WLAD) asserting that Defendants failed to reasonably accommodate his sincerely held religious beliefs. The Court dismissed Strandquist's other claims in its order on Defendants' motion for summary judgment. Dkt 92.

On December 16, 2024, the Court held a hearing on Plaintiff Strandquist's motion for sanctions. Dkt. 118. Neither party ordered the transcript of that hearing, but the Court has

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 1

reviewed the rough transcript. During that hearing, the Court denied Strandquist's motion, but found that there was good cause under Federal Rules of Civil Procedure Rule 26 and Rule 37 for late disclosure of certain documents. Specifically, the Court explained that Strandquist may present at trial documents received through the Public Records Request (PRR), even if he had not previously disclosed those documents, subject to any evidentiary objections Defendants may raise. The Court ordered Strandquist to disclose any documents from the PRR that he intended to introduce at trial, accompanied by an amended exhibit list, no later than December 23, 2024. The Court also stated that it would not allow Strandquist to present evidence or argument that ending his employment put DSHS in a worse position with respect to its *Trueblood* obligations. The Court explained that any harm incurred by DSHS because of the termination is not relevant to whether accommodating Strandquist would have posed an undue hardship, and that it would not entertain a "mini-trial" about the *Trueblood* case. The Court clarified, however, that sworn statements from the *Trueblood* litigation (such as declarations filed by Dr. Kinlen) could potentially be used for impeachment if they were shown to be relevant. The Court cautioned the parties that it would be very mindful of the risk of confusing the issues before the jury before allowing any evidence or arguments related to *Trueblood*.

On December 31, 2024, the Court held a status hearing conference to discuss Strandquist's failure to comply with the pretrial deadlines for exchanging jury instructions and disclosing his supplementary exhibits. Dkt. 127. The Court ordered Strandquist to revise his amended exhibit list to comply with the Court's previous orders no later than January 1, 2025. *Id.* The Court also granted Defendants' request for a short continuance and trial was rescheduled to begin on February 11, 2025. Dkt. 130. Defendants filed their supplemental motions in limine on January 17, 2025, Dkt. 138, and Plaintiff Strandquist responded, Dkt. 153. The Court addresses each motion in turn.

### A.    Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

"To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023).

In ruling on motions in limine, courts do not "resolve factual disputes or weigh evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020). The inquiry is discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

### B.    Defendants' Motions in Limine

> ***1.***    *Motion in Limine 1: Exclude all new exhibits provided to Defendants after December 23, 2024.*

Defendants ask the Court to exclude all exhibits on the amended exhibit lists Strandquist filed on December 24, 2024 and December 27, 2024. Dkt. 121; Dkt. 124. Defendants argue that Strandquist did not timely serve an updated exhibit list including the additional PRR documents along with the exhibits themselves by the December 23, 2024 deadline. Dkt. 138 at 3. Defendants conclude that new exhibits on both amended exhibits lists should be struck for that reason alone. *Id.* The Court previously concluded that it could alleviate prejudice to the Defendants caused by the late exhibit list by granting Defendants' motion for a trial continuance and allowing Defendants to file these supplemental motions in limine. Dkt. 130. This motion is DENIED.

2.    *Motion in Limine 2: Exclude PRR documents in Exhibits 34 through 37*

Defendants seek to exclude PRR documents in Exhibits 34 through 37 because they cannot be properly authenticated. Dkt. 138 at 3. Defendants argue that these documents are not self-authenticating and though Strandquist may testify as to how he received the documents, he cannot "actually" authenticate the contents of the documents. *Id.* at 3, 4. Defendants further assert that the exhibits should be excluded for various evidentiary reasons.

First, Defendants argue that Exhibit 34 appears to be an excerpt from a longer email chain and thus violates the best evidence rule under FRE 1002. *Id.* at 4. Defendants also argue that the communications constitute hearsay within hearsay and is not subject to any exceptions. *Id.* Defendants further raise relevancy arguments because the communication relates to a non-DSHS employee being sent home for a cough. *Id.* Strandquist has not responded to Defendants' arguments on Exhibit 34. The Court considers this a waiver and also determines the document contains multiple levels of hearsay and is not relevant to any claim or defense. Exhibit 34 is EXCLUDED.

Second, Defendants argue that Exhibit 35 is not relevant under FRE 401 because the email discusses a COVID-19 outbreak at Western State Hospital. *Id.* Defendants assert that the exhibit also discusses staffing shortages at Eastern State Hospital which they argue goes to the competing undue hardship analysis. *Id.* Strandquist has not responded to these arguments. The Court considers this a waiver and also determines the document is not relevant to any claim or defense. Exhibit 35 is EXCLUDED.

Third, Defendants argue that Exhibit 36 may confuse the jury under Rule 403 because it contains an email between individuals whose vaccination status is unknown. *Id.* Defendants argue that the jury may mistakenly think that "(1) PPE was all that was required for in person evaluations; or (2) that all evaluations could be done in person." *Id.* Strandquist has not

responded to these arguments. The Court considers this a waiver and also determines the document is not relevant to showing Strandquist's ability to telework because it is from an evaluation conducted more than a year after Strandquist's employment was terminated. Exhibit 36 is EXCLUDED.

Fourth, Defendants assert that Exhibit 37 is an excerpt from an email chain of unknown length, violating the best evidence rule under FRE 1002. *Id.* Defendants argue that the exhibit contains undefined acronyms such as "FIT testing," and like Exhibit 36, would likely confuse the jury as to whether wearing PPE was the only requirement. *Id.* Strandquist has not responded to these arguments. The Court considers this a waiver and also determines that no relevance to any claim or defense can be discerned from the face of the document. Exhibit 37 is EXCLUDED.

This motion is GRANTED.

**3.** *Motion in Limine 3: Exclude all documents not previously included on the original exhibit list and unrelated to the PRR.*

Defendants move to exclude documents that were not previously included on the original exhibit list and did not come from the PRR. Dkt. 138 at 4. Defendants argue that an example of such document is Exhibit 33, which is a 54-page document from April 2022 with attachments that relate to recruitment and retention of employees. *Id.* at 5. Defendants assert that these documents do not bear the bates numbers indicating it came from the PRR request nor do they explain the source or meaning of the "recruitment data" contained in the exhibit. *Id.* Defendants argue that these documents are prejudicial because it contains data about employment statistics that are unrelated to Strandquist's claims and is being used to support a competing undue analysis related to *Trueblood*. *Id.*

Strandquist has not responded to the arguments about Exhibit 33. The Court considers this a waiver. Additionally, Strandquist has provided no information as to where he obtained

1    Exhibit 33 or how he can show it is admissible at trial. This motion in limine is GRANTED IN

2    PART and Exhibit 33 is EXCLUDED.

3           Although Exhibits 27 and 28 were also late admissions to the exhibit list, there is no

4    prejudice to this late addition as these documents are Defendants' own discovery responses. The

5    motion in limine as to Exhibits 27 and 28 is DENIED and any further objections can be made at

6    the time of trial.

7           **4.    *Motion in Limine 4: Exclude documents and data related to the Trueblood
                    lawsuit.*

8           Defendants seek to exclude documents and data related to the *Trueblood* lawsuit because

9    they argue such evidence would only confuse the jury and the Court did not allow Strandquist to

10   pursue a counter-theory of undue hardship based on *Trueblood.* Dkt. 138 at 6. Defendants assert

11   that Strandquist added 69 new exhibits that pertain solely to *Trueblood* to the amended exhibit

12   lists which are: (1) six court documents pulled from the *Trueblood* docket related to compliance

13   issues and fines (Ex. 39–41; 43–45); (2) 43 declarations from Dr. Kinlen pulled from the

14   *Trueblood* docket (Ex. 46–98); (3) nine news articles about *Trueblood* compliance (Ex. 100–102;

15   105–106; 108–110); (4) 10 *Trueblood* monthly reports related to compliance and fees (Ex. 111–

16   120); (5) a summary of jail admission data related to *Trueblood*[1] (Ex. 134) and (6) other

17   miscellaneous *Trueblood* data. *Id.* Defendants argue that these documents should be excluded

18   because it would result in a "trial within a trial" and mislead the jury by conflating compliance

19   issues related to *Trueblood* with Strandquist's claims. *Id.* at 7.

20          Strandquist argues that the Court never prohibited him from advancing the theory that

21   Strandquist's termination burdened DSHS by interfering with DSHS's compliance with the

22

23   ───────────────────
     [1] Strandquist states that while he disagrees that the underlying documents are not voluminous
24   enough to justify a summary provided in Exhibit 134, he "would be content to instead introduce
     the underlying documents themselves." Dkt. 153 at 5.

1    *Trueblood* injunction. Dkt. 153 at 7. He asks that the Court clarify its December 16, 2024 ruling

2    in a written order. *Id.* But even if the Court had prohibited that theory, Strandquist argues that the

3    exhibits related to *Trueblood* are relevant because they show whether "breakthrough cases were

4    so prevalent as to impair DSHS's ability to even comply with court orders and avoid crushing

5    financial penalties." Dkt. 153 at 8.

6          The Court has clarified its earlier ruling above. Whether terminating Strandquist's

7    employment caused hardship to DSHS or interfered with its *Trueblood* obligations is not a

8    relevant issue for the jury. The jury must determine whether DSHS could reasonably

9    accommodate Strandquist and whether *accommodating* him would have caused undue hardship.

10   That DSHS's method of implementing the COVID vaccine mandate made it more difficult to

11   comply with *Trueblood* might be a policy argument for why DSHS should have taken a different

12   approach, but it is not a relevant question in this trial.

13         That said, most of the exhibits challenged in this motion in limine have been marked for

14   identification only, and Strandquist concedes he will only seek to use them if they become

15   relevant on rebuttal or for impeachment or refreshing recollection. The Court therefore reserves

16   ruling on Exhibits 39–41, 43–47, 65–83, and 85–121.

17         Plaintiffs have listed Exhibits 48–64, 84, and 134 as substantive exhibits for their case in

18   chief. These exhibits consist of declarations from Dr. Thomas Kinlen (one of Defendants'

19   witnesses in this litigation) in the *Trueblood* case that accompany monthly data reports on the

20   State's compliance with *Trueblood*. Exhibit 134 is a summary of data on completed jail

21   evaluation orders. These exhibits will be excluded for three reasons. First, they are not relevant

22   to any claim or defense, as this Court has already determined that the effect of Strandquist's

23   firing on *Trueblood* compliance is not at issue. Fed. R. Evid. 401. Second, any minimal potential

24   relevance is outweighed by the danger of confusing the issues before the jury, as the declarations

go into detail about wait times for competency evaluations and the fines the State has paid for failing to comply with *Trueblood*, none of which is before the jury in this case. Fed. R. Evid. 403. Third, these documents have been available to Strandquist on the public docket for years but were not disclosed in compliance with Federal Rule of Civil Procedure 26(a)(1) or included on Strandquist's original exhibit list. Strandquist has not shown that the late disclosure of these exhibits is substantially justified or harmless. These exhibits are excluded from Strandquist's case in chief. This does not prevent Strandquist from using the documents for rebuttal, impeachment, or to refresh recollection if they are shown to be relevant.

This motion is GRANTED IN PART and DENIED IN PART as set forth above.

**5.** *Motion in Limine 5: Exclude Exhibits 103 and 122.*

Defendants move to exclude Exhibit 103 arguing it is a single page excerpt from a King County Superior Court case purporting to be from a declaration by Dr. Kinlen. Dkt 138 at 9. Defendants argue that Exhibit 103 should be excluded for violating the best evidence rule under FRE 1002. *Id.* Defendants further contend the exhibit is not authenticated as required by FRE 901, lacks foundation under FRE 602, and carries a significant risk of confusing the jury under FRE 403. *Id.*

Defendants also seek to exclude Exhibit 122 because they argue there is no plausible reason to offer the document as an exhibit. *Id.* Defendants argue that Exhibit 122 is an article authored by David Luxton, who was a plaintiff in a different lawsuit, and the document constitutes hearsay without an exception. *Id.*

Both exhibits have been marked for identification only in case Strandquist seeks to use them on rebuttal, for impeachment, or to refresh a witness's recollection. The Court therefore reserves ruling on these exhibits. This motion is DENIED.

**6.** *Motion in Limine 6: Exclude Exhibit 123—Strandquist's summary of break-through infections.*

Defendants seek to exclude Exhibit 123 which Strandquist asserts summarize the breakthrough infection data included in Exhibits 124 through 130. Dkt 138 at 10. Defendants argue that the summary is not admissible under FRE 1006 because the information is not "voluminous admissible writings . . . that cannot be conveniently examined in court." *Id.* Defendants additionally argue that the underlying Exhibits 124 and 126 contain data before the vaccine mandate went into effect and thus vaccination statuses were unconfirmed. *Id.* Because the raw data is taken out of context, Defendants argue that a summary would "cause confusion or misrepresent the data to the jury." *Id.*

Strandquist does not address Defendants' arguments about Exhibit 123 in his response brief. The Court considers this a waiver. The Court also determines that because the underlying records are not voluminous, there is no basis for a summary exhibit under FRE 1006. Exhibit 123 is EXCLUDED. This motion is GRANTED.

## II.    CONCLUSION

Defendants' supplemental motions in limine (Dkt. 138) are GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 29th day of January, 2025.

Tiffany M. Cartwright
United States District Judge