UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL J STRANDQUIST,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; WENDY LONG,<br><br>Defendant. | Case No. 3:23-cv-05071-TMC<br><br>ORDER |

## I. ORDER

Before the Court is Plaintiff Randall Strandquist's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) (Dkt. 203) and Defendants' motion to deny Plaintiff's motion as untimely under Federal Rule of Civil Procedure 6(b)(2) (Dkt. 204). Based on its own review of the record, the Court STRIKES Plaintiff's motion as untimely and DENIES Defendants' motion as moot.

On February 14, 2025, following a five-day jury trial, the jury informed the Court that it was unable to reach a unanimous verdict. *See* Dkt. 191. Each juror was individually questioned and polled in open court, and after all jurors indicated that they could not come to a unanimous

ORDER - 1

verdict, the Court declared a mistrial. *See id.* The Court then thanked and excused the jury. *See id.* The Court directed the parties to file a joint status report no later than February 28, 2025 to schedule a new trial. Dkt. 193. After receiving the parties' joint status report, *see* Dkt. 195, and additional status reports, *see* Dkt. 196; Dkt. 197, the Court set the new trial to begin on September 3, 2025. Dkt. 201.

On March 15, 2025, Plaintiff moved to renew his motion for judgment as a matter of law under Rule 50(b) on the Title VII and Washington Law Against Discrimination claims. Dkt. 203 at 1. Three days later, Defendants moved to deny Plaintiff's 50(b) motion, arguing that Plaintiff submitted his motion after the twenty-eight-day deadline had expired. Dkt. 204 at 2. Based on its own review of the record, the Court concludes that Plaintiff's Rule 50(b) motion was untimely filed under Rules 6(b)(2) and 50(b) and must be stricken.

Federal Rule of Civil Procedure 50(b) provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b). While Rule 6(b) provides the Court with discretion to extend certain deadlines, it expressly states, "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b). An advisory committee's note explained that Rules 50, 52, and 59 had previously adopted ten-day periods for post-judgment motions. Fed. R. Civ. P. 50(b) advisory committee's note to 2009 amendment. However, "[e]xperience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days," and "[r]ather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10-day periods are expanded to

ORDER - 2

28 days." *Id.* Importantly, the note affirmed, "Rule 6(b) continues to prohibit expansion of the 28-day period." *Id.*

Here, the jury was discharged on February 14, 2025. *See* Dkt. 191. The twenty-eight-day period to file a Rule 50(b) motion closed on March 14, 2025. *See* Fed. R. Civ. P 50(b). Even though Plaintiff's motion is dated as March 14, 2025, it was filed on March 15, 2025, as reflected by the ECF timestamp. *See* Dkt. 203. Therefore, Plaintiff's motion was filed late, and the Court cannot extend the deadline for a Rule 50(b) motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b)[.]"). "Given the plain meaning of Rule 6(b)(2)," Rule 50(b)'s timeliness requirement "must be strictly enforced." *McKnight v. Neven*, 366 F. App'x 841, 843 (9th Cir. 2010); *see Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1142 (9th Cir. 2009) (concluding that a party's "renewed motion for judgment as a matter of law was untimely" because it was filed after the period had run).

Accordingly, the Court STRIKES Plaintiff's Rule 50(b) motion as untimely under Rule 6(b)(2). Defendants' motion is denied as moot.

Dated this 20th day of March, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER - 3