UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL J STRANDQUIST,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT<br><br>OF SOCIAL AND HEALTH SERVICES;<br><br>WENDY LONG,<br><br>　　　　　　Defendant. | Case No. 3:23-cv-05071-TMC<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION |

## I.　ORDER

Before the Court is Plaintiff Randall Strandquist's motion for reconsideration (Dkt. 209) requesting the Court revisit its order striking Strandquist's Rule 50(b) motion as untimely (Dkt. 205). First, Strandquist argues that since Rules 6(b)(2) and 50(b) are non-jurisdictional claim-processing rules, there is a forfeiture exception that allows the Court to consider his untimely motion. Dkt. 209 at 3. Second, Strandquist maintains that considering his untimely motion does not affect the policies underlying Rules 6(b)(2) and 50(b). *Id.* at 3–4. Finally, Strandquist contends that striking his motion hinders judicial efficiency, and asks that the Court

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

alternatively allow the parties to file dispositive motions prior to trial. *Id.* at 4–5. For the reasons explained below, the Court DENIES the motion for reconsideration.

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Strandquist's motion fails to meet this high bar. To start, whether the timeliness requirements are non-jurisdictional has no bearing here. Strandquist cites to *United States v. Sadler* for the proposition that "time constraints arising only from Court-prescribed, albeit congressionally authorized, procedural rules are not jurisdictional." Dkt. 209 at 3 (quoting *U.S. v. Sadler*, 480 F.3d 932, 938 (9th Cir. 2007)). He then asserts that since "Rule 50(b)'s . . . filing deadline is a non-jurisdictional claim-processing rule, it can be waived or forfeited." *Id.* (citations omitted). It is true that a non-jurisdictional rule may be waived or forfeited if a party does not timely object. *See Weil v. Elliott*, 859 F.3d 812, 815 (9th Cir. 2017) ("A non-jurisdictional time bar is an affirmative defense that may be forfeited if not timely raised[.]"). But in *Sandler,* the Ninth Circuit held that because "the government properly raised the untimeliness argument in the instant case . . . we are required to dismiss [Defendant's] appeal." 480 F.3d at 942.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

Here, like in *Sandler,* Defendants properly objected by filing their own motion to deny Strandquist's Rule 50(b) motion on March 18, 2025—only three days after Strandquist's motion was filed. *See* Dkt. 204. Defendants argued that Strandquist's motion should be denied because he "unequivocally filed [his] Rule 50(b) Motion one day late" and "[u]nder Rule 6(b)(2), the Court cannot extend the deadline for any reason." *Id.* at 5.

And since Defendants did not forfeit the timeliness requirements, the Court must enforce mandatory deadlines. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) ("Although [a non-jurisdictional claim-processing rule] is subject to waiver and forfeiture . . . a claim-processing rule is mandatory in the sense that a court must enforce the rule if a party properly raises it.") (cleaned up). Moreover, even if Defendants had not objected, the Court on its own accord could have struck Strandquist's untimely motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*" whether a party has complied with a non-jurisdictional claim-processing rule.).

Strandquist next argues that because the "purpose behind the time constraints in FRCP 6(b)(2) and 50(b) are to not upset a jury's verdict, [and] neither circumstance is present here" the Court should consider his motion. Dkt. 209 at 3. Strandquist further contends that despite the tardiness of his motion, "[i]f it is inevitable that the Court will then grant Plaintiff judgment as a matter of law, then it only makes sense to make that determination prior to trial[.]" *Id.* at 5. The Court disagrees.

Strandquist offers no authority to support how striking his Rule 50(b) motion based on *his* failure to timely file it constitutes manifest error. *See Marlyn Natraceuticals, Inc.*, 571 F.3d at 880. Instead, Strandquist maintains that the purpose of the filing deadlines is not undermined by granting him an exception and it would be judicially efficient to do so. Dkt. 209 at 3–5. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 3

conservation of judicial resources," and Strandquist's arguments fail to show that reconsideration is warranted. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Considering the arguments presented in Strandquist's motion for reconsideration, there is no manifest error in the Court's order striking his Rule 50(b) motion as untimely. The motion for reconsideration (Dkt. 209) is thus DENIED.

Dated this 21st day of April, 2025.

Tiffany M. Cartwright
United States District Judge