UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL J STRANDQUIST, | Case No. 3:23-cv-05071-TMC |
| Plaintiff, | FINAL JURY INSTRUCTIONS |
| v. | |
| WASHINGTON STATE DEPARTMENT | |
| OF SOCIAL AND HEALTH SERVICES, | |
| Defendant. | |

**<u>COURT'S INSTRUCTIONS TO THE JURY</u>**

Dated this 9th day of September, 2025.

Tiffany M. Cartwright
United States District Judge

**INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

**INSTRUCTION NO. 2**

2        All parties are equal before the law and are entitled to the same fair and conscientious

3 consideration by you as any party.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION NO. 3**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

FINAL JURY INSTRUCTIONS - 4

**INSTRUCTION NO. 4**

The evidence you are to consider in deciding what the facts are consists of:

      (1)    the sworn testimony of any witness;

      (2)    the exhibits that are admitted into evidence;

      (3)    any facts to which the lawyers have agreed; and

      (4)    any facts that I instruct you to accept as proved.

**INSTRUCTION NO. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case, if any;

    (5)    the witness's bias or prejudice, if any;

    (6)    whether other evidence contradicted the witness's testimony;

    (7)    the reasonableness of the witness's testimony in light of all the evidence; and

    (8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

FINAL JURY INSTRUCTIONS - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 8**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 9**

You have heard testimony from William Brandt and Dr. Harvey Risch, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness. Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 10**

The parties have agreed to certain facts. You must therefore treat these facts as having been proved:

(1)    At all times material hereto, Plaintiff was a Washington resident.

(2)    Defendant DSHS is a governmental agency that is part of the executive branch of the Washington State government overseen by Washington State's Governor.

(3)    Plaintiff was employed by DSHS for approximately 17 years at Eastern State Hospital.

(4)    On August 9, 2021, the Governor of the State of Washington issued Proclamation 21-14, a true and correct copy of which is Defendant's Trial Exhibit 504.

(5)    As of August 9, 2021, Defendant DSHS employed Plaintiff as a forensic psychological evaluator.

(6)    As of August 9, 2021, Plaintiff performed forensic psychological evaluation services for DSHS at Eastern State Hospital.

(7)    Proclamation 21-14, including the vaccine mandate requirement included therein, was rescinded and terminated effective October 31, 2022.

**INSTRUCTION NO. 11**

This case involves a Proclamation from Washington's Governor issued August 8, 2021 that contained certain requirements regarding vaccination, exemptions, and accommodations related to the COVID-19 vaccine. Specifically, Proclamation 21-4 and subsequent versions required covered state employees to be vaccinated by a certain date or to apply for a religious or medical exemption. The validity of the Proclamation and its requirements are not in dispute in this lawsuit. There is also no dispute that the Defendant and the Plaintiff were governed by, and therefore required to follow, the terms of the Proclamation.

**INSTRUCTION NO. 12**

Plaintiff Randall Strandquist brings one claim under Title VII of the Civil Rights Act, 42 U.S.C. 2000(e)-2(a)(1), and one claim under the Washington Law Against Discrimination, RCW 49.60.180. Both federal and state law require an employer to reasonably accommodate an employee's religious practices or beliefs, unless the employer demonstrates that accommodating the employee would impose an undue hardship on the conduct of the employer's business.

**INSTRUCTION NO. 13**

At the outset of the case, you were given a preliminary instruction that one of the two defenses the State contended in this matter was that it offered Dr. Strandquist a reasonable accommodation.

The issue of whether or not the reassignment offered was a reasonable accommodation is no longer an issue in the case. You will not hear argument about this issue in closing. You will now only be asked to consider whether or not accommodating Dr. Strandquist in his position as a forensic evaluator would have imposed an undue hardship on the conduct of DSHS's business, as defined in later instructions.

**INSTRUCTION NO. 14**

To prevail on his claims under Title VII of the Civil Rights Act, 42 U.S.C. 2000(e)-2(a)(1) and the Washington Law Against Discrimination, Plaintiff Strandquist carried the burden of proving the following elements by the preponderance of the evidence.

1.     That he had a sincerely held religious belief, the practice of which conflicts with a job requirement;

2.     That he informed his employer of the belief and conflict; and

3.     His employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement.

The Court instructs you that Plaintiff has proven these three elements by a preponderance of the evidence prior to this trial and does not need to prove them again.

The burden is now on Defendant DSHS to prove by a preponderance of evidence that accommodating Plaintiff in his position as a forensic evaluator would have imposed an "undue hardship" on the conduct of DSHS's business, as defined in later instructions. If you find that DSHS has proven undue hardship, your verdict should be for Defendant. If you find that DSHS has not proven undue hardship, your verdict should be for Plaintiff.

**INSTRUCTION NO. 15**

An employer is not required to reasonably accommodate an employee's religious belief if doing so would impose undue hardship on the conduct of the employer's business.

To prove undue hardship, the employer must prove by a preponderance of the evidence that accommodating the employee's religious beliefs or practices would result in substantial increased costs in relation to the conduct of the employer's business.

The undue hardship analysis is done in the context of the employer's specific operations and "costs" may include non-financial losses, such as an unreasonable safety risk or impact on coworkers. The undue hardship analysis must be based on the information available to the employer when it made its undue hardship decision.

When an employer determines a particular accommodation request would cause undue hardship, the employer must consider alternative accommodation options.

**INSTRUCTION NO. 16**

It is the duty of the Court to instruct you on the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on his claims under Title VII and/or the Washington Law Against Discrimination, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. You should consider:

- The emotional pain and suffering experienced;

- The reasonable value of salary and benefits lost up to the present time;

- The reasonable value of salary and benefits that with reasonable probability will be lost in the future.

Any award for future economic damages must be for the present cash value of those damages. Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred. The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

Noneconomic damages, such as damages for emotional pain and suffering, are not reduced to present cash value.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 17**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court

immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**INSTRUCTION NO. 18**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 19**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 20**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 21**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign, and date it, and advise the clerk that you are ready to return to the courtroom.